1

2                           **UNITED STATES DISTRICT COURT**

3                                  **DISTRICT OF NEVADA**

4    Richard L. Van Horn,                        Case No. 2:17-cv-00960-RFB-VCF

5              Petitioner,

6    v.                                                        **ORDER**

7    Brian Williams, et al.,

8              Respondents.

9

10        Before the court for a decision on the merits is an application for a writ of habeas corpus

11   filed by Richard L. Van Horn. ECF No. 10.

12

13        **I.      BACKGROUND**

14        On January 22, 2013, a jury in the Eighth Judicial District Court, Clark County, Nevada,

15   found Van Horn guilty of five counts of Sexual Assault with a Minor Under 14 Years of Age and

16   four counts of Lewdness With a Child Under the Age of 14. The Nevada Supreme Court

17   provided the following summary of facts underlying the convictions:

18              Police arrested appellant Richard Van Horn in a Las Vegas park after he
                was caught receiving fellatio from a child under the age of 14. The child, A.R.,
19              was about 11 years old at the time. Both Van Horn and A.R. lived with A.R.'s
                mother, who was in a relationship with Van Horn. A.R. later testified that she
20              began engaging in sexual acts with Van Horn after she asked him how she could
                persuade him to continue living with her and her mother. The State charged Van
21              Horn with multiple counts of sexual assault of a minor under the age of 14 and
                lewdness with a child under the age of 14. Van Horn was convicted pursuant to a
22              jury verdict.

23   ECF No. 20-37 at 2.

The court sentenced Van Horn to 35 years to life on each of the sexual assault counts (with two of the counts running consecutive) and to 10 years to life on each of four lewdness counts (with two of the counts running consecutive). A judgment of conviction was entered on March 29, 2013.

Van Horn appealed his conviction. On July 17, 2015, the Nevada Supreme Court reversed two of the four lewdness convictions, but affirmed in all other respects. On August 17, 2015, the state district court filed an amended judgment of conviction vacating the two convictions in accordance with the Nevada Supreme Court's remand.

On September 17, 2015, Van Horn filed his pro se state habeas corpus petition. Following a hearing, the state district court denied the petition on the merits. Van Horn appealed. On November 18, 2016, the Nevada Court of Appeals affirmed the denial of the petition. The appellate courts denied Van Horn's motions for rehearing.

On August 7, 2017, Van Horn filed a pro se motion to amend judgment in the state district court. The court denied the motion. The Nevada Supreme Court dismissed Van Horn's attempt to the appeal, finding the court lacked jurisdiction.

On April 3, 2017, this court received Van Horn's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon payment of the filing fee, the court directed service on the respondents. Respondents filed an answer to the petition on May 7, 2019. Van Horn filed a response on June 6, 2019.

## II.    STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Because de novo review is more favorable to the petitioner, federal courts can deny writs of habeas corpus under § 2254 by engaging in de novo review rather than applying the deferential AEDPA standard. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

## III.   DISCUSSION

### a.  Grounds One and Two

Grounds One and Two allege violations of Van Horn's constitutional rights arising from the State's presentation of PowerPoint slide during the closing argument that showed Van Horn's booking photograph superimposed with the word "GUILTY" across it.

///

///

i.   <u>Prosecutorial Misconduct</u>

Van Horn claims the State's presentation of the slide constituted prosecutorial misconduct in violation of his right to due process. It is impermissible for the prosecutor to provide his or her personal opinion about the guilt of the accused to the jury. *United States v. Weatherspoon*, 410 F.3d 1142, 1148-49 (9th Cir. 2005) (citing *United States v. Young*, 740 U.S. 1, 18-19 (1985)). Even so, Van Horn is entitled to relief only if the prosecutor's comments or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (per curiam) (*Darden* standard is "clearly established Federal law" for purposes of 28 U.S.C. § 2254(d)). A trial error is presumed to be harmless unless the error had "substantial or injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Here, the PowerPoint slide at issue was not entered into evidence and is not part of the record before this court. Van Horn alleges that he appeared "disheveled" or "unkempt" on the slide. And, though the State's answer to his petition indicates the slide was used only briefly, Van Horn claims it was visible to the jury for the entirety of the prosecutors' closing arguments. Even taking these allegations as true, the record does not support a finding that the prosecutors' misconduct in the use of the slide rendered the trial "fundamentally unfair." *Darden*, 477 U.S. at 182-83.

The prosecutors did not make reference to the slide in their closing statements.[1] Also, the jury was instructed that they were to render their verdict based on the evidence and that

---

[1] Two assistant district attorneys made closing statements, with one giving the initial summation and the other the rebuttal.

statements, arguments, and opinions of counsel were not evidence. *See Hall v. Whitley*, 935 F.2d 164, 165–66 (9th Cir. 1991) (finding impact of prosecutor's allegedly improper comments mitigated by instructions to jury that comments in closing arguments were not evidence and could not be considered in deciding the facts).

In addition, the strength of the evidence supporting Van Horn's guilt made it highly unlikely that the jury was influenced by the presentation of the slide. A city marshal testified at trial that he caught Van Horn in the act of receiving fellatio from the victim in a parked car. When interviewed by the police, Van Horn admitted to multiple instances of engaging in oral sex with the victim. The victim testified at trial about numerous sexual acts committed against her by Van Horn.

In addition, this case is readily distinguishable from the two main cases Van Horn cites to support his claim for relief—*In re Glasmann*, 286 P.3d 673 (Wash. 2012) and *Watters v. State*, 313 P.3d 243 (Nev. 2013). In *Glasmann*, the State used an elaborate PowerPoint presentation during closing argument that included numerous inflammatory slides, with at least five slides showing the defendant's booking photograph and a caption. 286 P.3d at 676. At conclusion of argument, the prosecutor showed the booking photograph three more times, first with the word "GUILTY" superimposed diagonally in red letters across defendant's battered face; next with the word "GUILTY" superimposed in red letters again in the opposite direction, forming an "X" shape across the defendant's face; and finally with the word "GUILTY" in red letters superimposed horizontally over the previously superimposed words. *Id*.

In *Watters*, the State used a PowerPoint presentation during its opening statement that included a slide that showed the defendant's booking photograph with the word "GUILTY" written across the defendant's face, which appeared "battered" from injuries defendant sustained

following a crime spree ending in his violent apprehension. 313 P.3d at 245-46. The Nevada Supreme Court's decision to reverse defendant's conviction focused on the fact that the offending photograph was shown during the State's opening statement, which undermined the presumption of innocence before any evidence was presented. *Id*. at 248-49.

In summary, Van Horn has not demonstrated that the lone slide of his booking photo unfairly impacted the jury's assessment of the evidence presented at his trial. Because the record does not support a finding that the State's brief display of the slide infected his trial with unfairness so as to make his conviction a denial of due process, Van Horn is not entitled to relief based on alleged prosecutorial misconduct.

ii.   <u>Ineffective Assistance of Trial Counsel</u>

Van Horn alleges that his trial counsel deprived him of effective assistance of counsel by failing to object to the State's use of the booking photo. According to Van Horn, a timely objection would have resulted in the trial court ordering the removal of the slide and issuing a curative instruction, which in turn would have changed the outcome of his trial. He also alleges that his appellate counsel was ineffective for not raising the issue on direct appeal.

To establish a claim of ineffective assistance of counsel (IAC), a petitioner must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id*. at 687-88. Under the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The right to effective

assistance of counsel includes the right to effective assistance of appellate counsel on a first

appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Claims of ineffective assistance of

appellate counsel are governed by the *Strickland* standard. *Miller v. Keeney*, 882 F.2d 1428,

1434 (9th Cir. 1989).

Having cited to the *Strickland* standard, the Nevada Supreme Court addressed the issue as

follows in Van Horn's post-conviction proceeding:

> Van Horn argues the district court erred by denying his claims that trial
> and appellate counsel were ineffective for failing to challenge the prosecutor's use
> of a PowerPoint slide during closing argument. The slide depicted Van Horn's
> booking photo with the word "GUILTY" superimposed across it. Van Horn cites
> to the Nevada Supreme Court's decision in *Watters v. State*, 129 Nev. ——, 313
> P.3d 243 (2013) (holding a computerized slideshow presentation used by the
> prosecutor during opening statement, which included a slide showing the
> defendant's booking photo with the word "GUILTY" superimposed across his
> face, was an impermissible declaration of guilt that undermined the presumption
> of innocence).
>
> The district court found the use of the booking photo slide was permissible
> because it was presented during closing argument, Van Horn failed to
> demonstrate the outcome of the trial would have been different if the slide had not
> been used, and trial counsel may have chosen not to object for tactical and
> strategic reasons. The district court further found this issue did not have a
> reasonable probability of success on appeal because *Watters* applies to opening
> statements and not to closing arguments, a prosecutor is permitted to argue the
> presumption of innocence has been overcome during closing argument, and the
> use of demonstrative exhibits is permissible during closing argument.
>
> The record supports the district court's findings and we conclude the
> district court did not err by rejecting Van Horn's claims that trial and appellate
> counsel were ineffective for failing to challenge the prosecutor's PowerPoint
> slide. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Morales v. State*, 122
> Nev. 966, 972, 143 P.3d 463, 467 (2006); Allred v. State, 120 Nev. 410, 419, 92
> P.3d 1246, 1252 (2004); *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953
> (1989).

Van Horn has not established that the state court's decision was based on an unreasonable

determination of the facts. And, for reasons discussed above in relation to the prosecutorial

misconduct claim, Van Horn cannot demonstrate that he suffered *Strickland*-level prejudice due to the presentation of the booking photo slide. There is not a reasonable probability that the outcome of his trial would have been different had his trial counsel objected to the booking photo slide. Also, there is not a reasonable probability that he would have prevailed had appellate counsel raised the issue on direct appeal. Consequently, he cannot show that the Nevada Supreme Court's application of *Strickland* to his trial and appellate IAC claims was unreasonable. *See Richter*, 562 U.S. at 101. Accordingly, this court defers to the Nevada Supreme Court's decision.

Grounds One and Two are denied.

### b. Ground Three

In Ground Three, Van Horn alleges a violation of his constitutional rights arising from the trial court's erroneous treatment of his consent defense. He alleges that the trial court determined that "a minor is categorically incapable to giving consent under any circumstances to any sexual activity." To support this claim, he cites to the trial judge's comments, which were made during the settling of jury instructions. Van Horn claims the trial court's rulings deprived him of his right to due process by preventing him from presenting a consent defense to the charges against him. He further claims that appellate counsel was ineffective by not properly raising the issue on appeal.

Van Horn's allegations are not supported by the record. The comments by the trial judge to which Van Horn alludes were made in the context of the discussing whether the defense was entitled to a jury instruction on the offense of statutory sexual seduction At the time the alleged crimes were committed, statutory sexual seduction was generally defined as sexual penetration "committed by person 18 years of age or older with a person under the age of 16 years." Nev.

1    Rev. Stat. Ann. § 200.364 (2009). Van Horn's counsel argued that, if convinced that the victim

2    had consented to fellatio with Van Horn, the jury should have the option of finding Van Horn

3    guilty of statutory sexual seduction instead of the more serious crime of sexual assault.

4    Disagreeing with that argument, the trial judge denied the defense's proposed jury instruction on

5    statutory sexual seduction and its request to make such an argument to the jury.

6          Contrary to Van Horn's allegations, however, the trial court did not limit Van Horn from

7    arguing consent as a defense to sexual assault.[2] Defense counsel raised the issue of consent in

8    opening statements and elicited testimony in support of the defense. The jury was instructed that

9    consent was a defense to sexual assault with a minor under fourteen years of age. In closing

10   arguments, defense counsel argued at length, referencing the instruction, that the evidence

11   supported a finding that the only sexual act that occurred between Van Horn and the victim – i.e.,

12   the one in the park -- was consensual, which meant he was not guilty of sexual assault.

13         On direct appeal, appellate counsel argued that the trial court erred in refusing the

14   defense's proposed jury instruction on statutory sexual seduction as a lesser offense. The Nevada

15   Supreme Court rejected this argument based on the conclusion that "[s]exual seduction is not a

16   lesser-included offense of sexual assault because the elements of each crime are different." That

17   holding was well-supported by established Nevada case law. *See Smith v. State*, 102 P.3d 569,

18   571 (Nev. 2004).

19         Based on the foregoing, Van Horn has not demonstrated that the state court violated his

20   constitutional right to present a defense. The state court's rulings as to defense counsel's

21   proposed jury instruction and argument related to statutory sexual seduction were based on a

22   _____

23   [2] Under Nevada law, consent was not an available defense to the lewdness charges. *See State v. Koseck*, 936 P.2d 836, 838 (Nev. 1997).

reasonable interpretation of state law. Accordingly, they do not provide a basis for federal habeas relief. *See* M*enendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005) (rejecting petitioner's habeas claim premised on state trial court's refusal to give an imperfect self-defense instruction). Van Horn was not otherwise prevented from presenting his consent defense.

As for his claim of ineffective assistance of appellate counsel, the Nevada Supreme Court addressed the issue as follows in Van Horn's post-conviction proceeding:

> Van Horn argues the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the limitations the district court placed on his use of consent as a defense.
>
> The district court found trial counsel made a tactical decision to argue the one irrefutable sexual assault count was a consensual sex act and the remaining sexual assault and lewdness counts never occurred. Trial counsel presented the consent defense to the jury during opening argument, elicited testimony in support of this defense during cross-examination of the State's witnesses, and argued the victim consented to the lone sex act during closing argument. Given trial counsel's strategy, appellate counsel could not have logically claimed Van Horn was deprived of the ability to present consent as a complete defense to all of the counts. Moreover, to the extent Van Horn argued appellate counsel was ineffective for failing to challenge the district court's restriction on the use of consent as a defense to the alternative lewdness count, such a challenge would not have a reasonable probability of success because consent is not a defense to lewdness.
>
> The record supports the district court's findings and we conclude the district court did not err by rejecting Van Horn's claim that appellate counsel was ineffective for failing to challenge limitations placed on the use of consent as a defense. *See State v. Koseck*, 113 Nev. 477, 479, 936 P.2d 836, 838 (1997); *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114 ("An attorney's decision not to raise meritless issues on appeal is not ineffective assistance of counsel.").

In light of the discussion above, Van Horn has not established the Nevada Supreme Court's application of *Strickland* to his appellate IAC claim was unreasonable or that the court's decision was based on an unreasonable determination of the facts. Thus, here again, this court must defer to the Nevada Supreme Court's decision.

Ground Three is denied.

## IV.  CONCLUSION

For the reasons set forth above, Van Horn is not entitled to habeas relief.

*Certificate of Appealability*

Because this is a final order adverse to the petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and rulings in adjudicating Van Horn's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Van Horn's habeas claims.

1    **IT IS THEREFORE ORDERED** that Van Horn's petition for writ of habeas corpus

2  (ECF No. 10) is DENIED. The Clerk shall enter judgment accordingly and close this case.

3    **IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

4

5  Dated: October 18, 2022

6  _____

7  U.S. District Judge Richard F. Boulware

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23