# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD L. VANHORN., | Case No. 2:17-cv-00960-RFB-VCF |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

Before the Court is *pro se* Petitioner VanHorn's (ECF No. 32) Motion for Relief from Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. VanHorn asks the Court to set aside its previous judgment in this federal habeas case and reopen proceedings. For reasons following reasons, the Motion is denied.

## I.  BACKGROUND

In January 2013, a jury in the Eighth Judicial District Court, Clark County, Nevada, found VanHorn guilty of five counts of Sexual Assault with a Minor Under 14 Years of Age and four counts of Lewdness with a Child Under the Age of 14. The court sentenced VanHorn to 35 years to life on each of the sexual assault counts (with two of the counts running consecutive) and to 10 years to life on each of the four lewdness counts (with two of the counts running consecutive). A judgment of conviction was entered in March 2013.

In April 2017, after his direct appeal and attempts to obtain post-conviction relief in state court were unsuccessful, VanHorn sought relief in this Court by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. After full briefing from VanHorn and the State, in

October 2023, the Court entered a final order denying VanHorn's habeas Petition on the merits. ECF No. 26. VanHorn filed an appeal with the Ninth Circuit. ECF No. 28. In August 2024, the Ninth Circuit entered an order denying VanHorn's request for a certificate of appealability. ECF No. 31. On October 15, 2025, VanHorn filed the Rule 60(b) motion that is now before the Court. ECF No. 32. After seeking an extension, Respondents filed their response to the Motion on November 27, 2024. ECF Nos. 33, 34. On December 6, 2024, VanHorn filed his reply. ECF No. 35. On July 18, 2025, VanHorn filed a Motion for Leave to File supplemental briefing. ECF No. 36.  The Courts order on the pending Motions follows.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason justifying relief from the operation of the judgment." Fed R. Civ. P 60(b)(1),(6). A motion for relief from judgment under Rule 60(b) "must be made within a reasonable time" and, if brought for any of the reasons enumerated under subsection (1), no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Relief under subsection (6) requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with The Antiterrorism and Effective Death Penalty Act (AEDPA). including the limits on second or successive federal habeas petitions set forth at 28 U.S.C. § 2244(b). Id. at 529.

## III.  DISCUSSION

In the Petition denied by this Court, VanHorn alleged violations of his constitutional rights arising from the State's presentation of a PowerPoint slide during closing argument that showed VanHorn's booking photograph superimposed with the word "GUILTY" across it.  He claimed he is entitled to relief because the prosecutor's conduct violated his right to due process and his counsel performed below the constitutional standard by failing to object. With his Rule 60(b) motion, he contends that this Court erred by denying relief on those claims.  He cites to

several state and federal court decisions in which the court granted relief based on facts similar to his case.

Van Horn fails to address, however, the impediment imposed by 28 U.S.C. § 2244(b)(1), which provides that a claim presented in a second or successive habeas petition must be dismissed if it was presented in a prior petition. See 28 U.S.C. § 2244(b)(1). In Gonzalez, the Supreme Court held that a Rule 60(b) motion is to be treated as a successive habeas petition for the purposes of § 2244(b) if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532. The Gonzalez Court instructed that, in contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the district court may properly consider the motion. Id. at 532. The Court cited "fraud on the federal habeas court" as an example of such a defect while noting that an attack that "in effect asks for a second chance to have the merits determined favorably" does not go to the integrity of the proceedings. Id. at 532 n. 5.

VanHorn claims that his mental health challenges and restricted access to legal resources "exacerbate the injustice and inequity in the case's outcome." ECF No. 32 at 2. While this Court does not discount VanHorn's limitations, the Court in Gonzalez made clear that "excusable neglect" or a movant's omissions or errors do not bear on the integrity of the federal habeas proceeding. Gonzalez, 545 U.S. at 530-31, 532 n. 5. Because VanHorn is, in essence, asking for another opportunity to argue the merits of his claims, the Court must treat his Rule 60(b) motion as a second or successive petition. Accordingly, this Court lacks jurisdiction to consider the pending Motion unless VanHorn obtains leave from the court of appeals in accordance with 28 U.S.C. § 2244(b)(3). See Burton v. Stewart, 549 U.S. 147, 153 (2007).

///

///

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that VanHorn's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents' motion to extend time (ECF No. 33) and VanHorn's motion for leave to file a supplemental brief (ECF No. 36) are **GRANTED** *nunc pro tunc* as of their respective filing dates.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**